Weimer v. Linhard.

appear that the persons playing were unknown, it would by no means follow that an instruction would be pertinent, which assumes that the persons playing were shown by the evidence to be known to the grand jurors. Instructions asked should always be applicable and pertinent to the testimony submitted. If there is no testimony warranting the position assumed in an instruction, it should be refused. And when refused, and none of the testimony is before us, we are bound to presume that the refusal was justified.

Affirmed.

## WEIMER v. LINHARD.

1. PLEADINGS IN JUSTICE'S COURT. Where, on an appeal from the judgment of a justice of the peace, the record disclosed that the trial was contested below, but failed to show that any pleadings, oral or otherwise, were filed or made by defendant, it was held, that the District Court erred in refusing to permit defendant to introduce evidence on the trial of the appeal.

*Appeal from Lee District Court.*

WEDNESDAY, DECEMBER 4.

PARTIES met before the justice and had a contested trial. The justice's transcript failed to show any formal denial of plaintiff's claim, or that any pleadings oral or otherwise were filed or made by defendant. On appeal in the District Court, he was denied the right of introducing evidence, and the judgment below was affirmed for the amount of plaintiff's claim with interest; a sum larger than that recovered before the justice. Defendant appeals.

*F. Semple* for the appellant.

*D. F. Miller* for the appellee.

WRIGHT, J.—Following *Heath* v. *Coltenback*, 5 Iowa 490; *Brock* v. *Manatt*, Ib. 270; *Hall* v. *Denise*, 6 Ib. 534; *Clark* v. *Barnes*, 7 Ib. 6; *Sannamon* v. *Milbourn*, 4 G. Greene 309. This ruling was erroneous, and the cause is therefore reversed.

<hr>

## THE COUNTY OF JOHNSON v. HUGHES.

1. NEGLIGENCE OF COUNTY TREASURER. Where a county treasurer neglected to cancel warrants upon receiving them, in the manner prescribed by law, and they were afterwards abstracted from his office, and again put in circulation, without fault or negligence on his part, it was held, that he was liable to the county for the amount thereof, on his official bond.

*Appeal from Johnson District Court.*

WEDNESDAY, DECEMBER 4.

THE defendant was treasurer of Johnson county, and as such, executed the requisite bond. This action is brought thereon and several breaches are assigned. There was a general denial, and thereunder it was agreed that from the proper books there appeared to be due the county the sum of $600; that if such indebtedness occurred from such negligence of the defendant in the receiving or keeping of the county orders which came into his hands as such treasurer, as to make him liable, then judgment was to be entered for plaintiff in the sum aforesaid; otherwise for the defendant. Testimony was taken by a commissioner, and the following facts were found by the court: